# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL S. GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MUNICIPALITY OF KINGSTON, et al.<br><br>    Defendant. | CIVIL ACTION NO. 3:08-CV-2290<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendants' Motion for Summary Judgment. (Doc. 29.) For the reasons discussed below, the Motion will be granted.

## BACKGROUND

The factual background of this suit has been discussed in detail in the Court's June 23, 2009 Memorandum Opinion (Doc. 13) and therefore will not be reiterated here. It is sufficient to state that Plaintiff was a Detective with the Kingston Police Department who unsuccessfully attempted to be certified for the position of Sergeant while out on leave of absence for a work-related injury and was later fired after being suspended for misrepresenting his physical disabilities and being indicted on criminal charges.

Plaintiff filed a Complaint against the Municipality of Kingston, Paul Keating, Keith Keiper, Kingston Civil Service Commission, John Judge, Fred Case, and Nancy Cooper on December 22, 2008. (Doc. 1.) In his Complaint, Plaintiff alleged violations of his Due Process and Equal Protection rights under the Fourteenth Amendment (Counts I and II); violations of the Americans With Disabilities Act ("ADA") (Counts III and IV); Wrongful Discharge (Count V); Civil Conspiracy (Count VI); and Intentional Infliction of Emotional

Distress (Count VII). Defendants filed a Motion to Dismiss on March 2, 2009, (Doc. 5) which the Court granted in part and denied in part on June 23, 2009. (Doc. 13.) In that Memorandum Opinion, the Court: granted the Defendants' Motion to Dismiss the Plaintiff's claims against Defendants Keating, Keiper, Judge, Case, and Cooper in their official capacities; granted Defendants' Motion to Dismiss Defendant Kingston Civil Service Commission as a party; granted Defendants' Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim (Count VII); denied Defendants' Motion to Dismiss Plaintiff's Due Process Claim (Count I); and denied as moot Defendants' Motion for a More Definite Statement of Plaintiff's Due Process Claim (Count I). Defendants then filed a Motion for Summary Judgment on the Plaintiff's remaining claims on May 17, 2010. (Doc. 29.) The Motion has been briefed by both sides and is ripe for review.

## **LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for

2

the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

I. **Plaintiff's Fourteenth Amendment Procedural Due Process Claim Brought Under § 1983**

Summary Judgment will be granted in favor of Defendants on Plaintiff's Fourteenth Amendment Procedural Due Process claim. As the Court found in its prior Memorandum Opinion (Doc. 13), Plaintiff's Procedural Due Process claim has been brought in accordance with the standards set forth in § 1983 and, under Pennsylvania law, municipal police officers have a property interest in their jobs which entitles them to procedural due process. However, Plaintiff's failure to avail himself of the grievance procedures following his suspensions or his termination provided for in his collective bargaining agreement is fatal to Plaintiff's claim.

Grievance procedures established in a collective bargaining agreement may satisfy due process requirements. *Dykes v. Se. Pa. Transp. Auth.*, 68 F. 3d 1564, 1571 (3d Cir. 1995) (quoting *Armstrong v. Meyers*, 964 F. 2d 948, 951 (9th Cir. 1992)). To determine whether the grievance procedures in the controlling collective bargaining agreement comply with due process requirements, the court applies the three part balancing test ordained by the United States Supreme Court in *Matthews v. Eldridge*, 424 U.S. 319 (1976). *Dykes v. Se. Pa. Transp. Auth.*, 68 F. 3d 1564, 1571 (3d Cir. 1995). First, the court considers the employee's interest that would be affected by the official action. *Dykes*, 68 F.3d at 1572 (quoting *Matthews*, 424 U.S. at 335). Second, the court assesses the risk of an erroneous deprivation through the grievance and arbitration process and weighs the potential value of additional or substitute procedural safeguards. *Id.* Third, the court takes into account the governmental interest. *Id.* The Third Circuit has further determined that "[i]f

4

there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F. 3d 107, 116 (3d Cir. 2000). As a result, a plaintiff cannot claim denial of due process unless he or she took advantage of the available processes or was kept from doing so. *Solomon v. Phila. Hous. Auth.*, No. 02-6630, 2004 WL 1427140, at *3 (E.D. Pa. June 18, 2004).

Here, employees of the Kingston Municipal Police Department had a collective bargaining agreement in place, which outlined grievance procedures related to disciplinary actions, e.g. termination (Def. Ex. 20; pp. 17-18). Applying the *Matthews* factors, the Court finds that the grievance process available to Plaintiff satisfies due process. First, an employee's interest in keeping his job is substantial. Second, the risk of an erroneous determination in grievance proceedings mandated by a collective bargaining agreement is minimal. Third, there is a significant governmental interest in resolving employment disputes without having to resort to litigation. Since Plaintiff did not avail himself of the grievance procedure available to him under the collective bargaining agreement, and this procedure complied with the due process requirements laid out in *Matthews*, Plaintiff's Procedural Due Process Claim will be dismissed. Although Plaintiff testified in his Deposition that he had in fact filed a grievance following his termination through the Fraternal Order of Police, Plaintiff has supplied no documentation to support this claim.

**II.  Plaintiff's ADA and Fourteenth Amendment Equal Protection Claims**

Summary Judgment will be granted in favor of Defendants on Plaintiff's discrimination claim under the ADA because Plaintiff has not made out a *prima facie* case

5

that he was a "qualified individual" within the meaning of the ADA.

The ADA provides: "[n]o covered entity shall discriminate against a *qualified individual* on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (italics added). Under the ADA, "[t]he term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111. Plaintiff claims that he was discriminated against and kept from being certified for promotion to Sergeant because of being disabled as a result of the work-place injury he sustained in January 2006.

In order to make out a *prima facie* case under the ADA, the plaintiff must show that (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of the discrimination. *Shaner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir.2000).

As to the second element required to make out a discrimination claim under the ADA, that the plaintiff was a "qualified individual," the Third Circuit has stated:

> The Interpretive Guidance to the EEOC Regulations divides this inquiry into two prongs. First, a court must determine whether the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position that such individual holds or desires. Second, it must determine whether the individual, with or without reasonable accommodation, can perform the essential functions of the position held or sought.

*Deane v. Pocono Med. Ctr.*, 142 F. 3d 138, 145.

The second prong of this inquiry is itself divided into two parts:

> First, a court must consider whether the individual can perform the essential functions of the job without accommodation. If so, the individual is qualified (and, a fortiori, is not entitled to accommodation). If not, then a court must look to whether the individual can perform the essential functions of the job with a reasonable accommodation.

*Id.* at 146.

Applying this framework to the instant suit, the Plaintiff has failed to bring forth any evidence from which a rational factfinder could determine that he is a "qualified individual" under the ADA. The record demonstrates that the Plaintiff has continually claimed that he was unable even to perform even the tasks surrounding the modified clerical position his employer devised to accommodate him, let alone the functions of the position of Sergeant he was seeking. According to the Rules and Regulation of the Civil Service Commission of the Municipality of Kingston, the Sergeant position has a physical fitness requirement. (Def. Ex. 12. The record demonstrates that the police department offered Plaintiff a light duty clerical position to accommodate his injuries on October 19, 2006 and again on May 29, 2007, and that Plaintiff refused to return to work on both occasions because of his injuries. The record also indicates that the Civil Service Commission waited several months before initially denying Plaintiff certification for promotion to Sergeant in order to give the Plaintiff opportunity to recover and resume work. Based on the Plaintiff's refusal to return to work in the modified clerical positions offered him, the Court finds that the Plaintiff has failed to make out a *prima facie* case that he was qualified to perform the functions of a Sergeant on the police force. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's ADA discrimination claim.

Furthermore, in granting Summary Judgment in favor of the Defendants on Plaintiff's ADA discrimination claim, the Court will also grant Defendants Summary Judgment on

7

Plaintiff's Fourteenth Amendment Equal Protection claim. The Third Circuit has held: "[i]n comparing the protections guaranteed to the disabled under the ADA . . . with those limited protections guaranteed under the rational basis standard of the Fourteenth Amendment, it is clear that the former imposes far greater obligations and responsibilities on the States than does the latter." *Lavia v. Pa. Dep't of Corr.*, 224 F. 3d 190, 200. As a consequence, Plaintiff's failure to establish a *prima facie* discrimination claim under the ADA means that he has also failed to establish a Fourteenth Amendment Equal Protection claim based on discrimination due to his purported disability.

### III. Plaintiff's ADA Retaliation Claim

Summary judgment will also be granted to Defendants on Plaintiff's ADA Retaliation claim. Plaintiff's Complaint appears to fuse together two causes of action available under the ADA: a retaliation claim and a hostile work environment claim. However, evaluating the record under the requisite test of *either* claim, demonstrates that Plaintiff has failed to make out essential elements for each of these theories.

The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]." Because this provision is similar to Title VII's prohibition on retaliation, ADA retaliation claims are analyzed under the same framework employed to analyze retaliation claims arising under Title VII. *Krouse v. Am. Sterilizer Co.*, 126 F. 3d 494, 500 (3d Cir. 1997) (internal citations omitted). Since Plaintiff claims that the circumstances demonstrate that his termination was meant as retaliation for the EEOC complaint Plaintiff had filed on April

8

17, 2007, and Plaintiff has brought forth no direct evidence, the Court will employ the "pretextual" analysis. The pretextual analysis begins with establishing a *prima facie* case. To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *Id*. If the employee establishes a *prima facie* case of retaliation under the ADA, the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment actions. *Id*. The employer's burden at this stage is relatively light, and is satisfied if the defendant can articulate any legitimate reason for the adverse employment action. *Id*. If the employer satisfies its burden, the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action. *Id.* at 501.

In contrast, in order to prevail on a hostile work environment claim under the ADA, the Plaintiff must prove: (1) that he is a qualified individual with a disability under the ADA; (2) that he was subject to unwelcome harassment; (3) the harassment was based on his disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive working environment; and (5) that his employer knew or should have known of the harassment and failed to take prompt effective remedial action. *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F. 3d 661, 667 (3d Cir. 1999) (internal citations omitted). Furthermore, it is important to bear in mind that: "the Americans with Disabilities Act does not make all harassment, or

every unpleasant working environment, actionable under the law. Rather, to constitute a hostile work environment under the ADA, the harassing conduct must be *because of* the plaintiff's disability." *Id.*

Here, Plaintiff's ADA retaliation claim fails to overcome Defendants' explanation that Plaintiff was fired after two suspensions for having misrepresented his physical condition and having criminal charges brought against him. While Plaintiff would likely argue that these investigations and charges were trumped up and resulted from his initial filing of the EEOC complaint, he has failed to point to any triable issue of material fact that would undermine the truthfulness or legitimacy of Defendants' proffered explanation that Plaintiff was fired for lying about his injuries and for being indicted – an indictment which led to Plaintiff's eventual conviction on a forgery charge.

In addition, Plaintiff cannot make out essential elements of a hostile work environment claim under the ADA. First and foremost, it is difficult to understand what work-place harassment Plaintiff would have been subjected to, since he never returned to work after sustaining his injuries. Second, as noted above, the harassment needs to be *because of* Plaintiff's disability. In this case, there is no evidence that Plaintiff was harassed because of his purported disability. If anything, the launching of an investigation that led to the Plaintiff being videotaped moving furniture and eventually being suspended for misrepresenting his injuries, would make it appear that the Defendants were skeptical as to the existence of any disability. Third, as noted above with respect to Plaintiff's ADA discrimination claim, Plaintiff has not established that he was in fact a qualified individual with a disability under the ADA, as he refused to return to work and claimed that his injuries made him unable to work in the modified clerical positions offered him by his employer. Since Plaintiff has not brought forth any evidence to establish a *prima facie* case for either

an ADA retaliation claim or an ADA hostile work environment claim, Summary Judgment will be granted for Defendants as to this Count as well.

### IV. Plaintiff's Wrongful Discharge and Civil Conspiracy Claims

Summary Judgment will also be granted in favor of Defendants on Plaintiff's Wrongful Discharge and Civil Conspiracy Claims.

A tort action for wrongful discharge is unavailable when the terms of a collective bargaining agreement otherwise protect an employee from suspension or discharge without proper cause. *Phillips v. Babcock & Wilcox*, 503 A. 2d 36, 38 (Pa. Super. 1986). Here, such a collective bargaining agreement was in place, and therefore this cause of action cannot be maintained by Plaintiff.

Furthermore, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Pelagatti v. Cohen*, 536 A. 2d 1337, 1342 (Pa. Super. 1987), *quoted in XF Enter., Inc., BASF Corp.*, 47 Pa. D. & C. 4th 147, 151 (Pa. Com. Pl. July 13, 2000). As there will no longer be any state law, or federal law, civil causes of action pending in the instant suit, Summary Judgment must necessarily be granted in favor of the Defendants on the civil conspiracy claim as well.

### **CONCLUSION**

For the reasons stated above, this Court will grant Defendants' Motion for Summary Judgment. An appropriate order follows.

 2/22/11 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL S. GRIFFIN, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-2290 |
| v. | (JUDGE CAPUTO) |
| MUNICIPALITY OF KINGSTON, et al. | |
| Defendant. | |

## ORDER

**NOW**, this   22nd   day of February, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 29) is **GRANTED**. Judgment is entered in favor of Defendants Municipality of Kingston, Paul Keating, Keith Keiper, John Judge, Fred Case, and Nancy Cooper, and against Plaintiff Daniel Griffin. The Clerk of Court is directed to mark the case as closed.

  /s/ A. Richard Caputo
  A. Richard Caputo
  United States District Judge